R.S.T.T.A.N. HISATAKE, INC., ANTHONY HISATAKE,
and SONJA HISATAKE, Appellants

v.

DULLABHBHAI K. PATEL & CO., Ltd., Appellee

High Court of American Samoa
Appellate Division

AP. NO. 4-86

October 31, 1986

Before REES, Chief Justice, GARDNER*, Acting
Associate Justice, KENNEDY**, Acting Associate
Justice, TAUANU'U, Chief Associate Judge, and OLO,
Associate Judge.

Counsel: For the Appellants, Aviata Fa'alevao
For the Appellee, Roger Hazell

Per KENNEDY, J.:

R.S.T.T.A.N. Hisatake, Inc., a defunct
corporation, and its principals, Anthony and Sonja
Hisatake, appeal the trial division's denial of a
motion for an order in aid of judgment. We affirm.

The facts are not in dispute. Dullabhbhai
Patel sold Hisatake goods worth approximately
$36,000. As security for the purchase price,
Hisatake executed a promissory note and a chattel
mortgage. Hisatake failed to make the required
payments, and Patel sued to enforce the security
provisions. Hisatake failed to respond, and the
trial division entered a default judgment for
Patel. As Patel began foreclosure proceedings,

however, Hisatake moved for an order in aid of judgment, claiming dire financial circumstances. After a hearing the trial division denied the motion.

A.S.C.A. § 43.1501 describes the order in aid of judgment. In pertinent part, it provides that:

> (a) At any time after the entry of judgment for the payment of money by one party to another and before the judgment has been satisfied in full, either party may apply to the court for an order in aid of judgment.

> (b) Upon such application or upon its own motion, the court . . . may hold a hearing on the question of the debtor's ability to pay and determine the fastest manner in which the debtor can reasonably pay the judgment.

> (c) in making this determination, the court shall allow the debtor to retain such property and such portion of his income as may be necessary to provide the reasonable living requirements of the debtor and his dependents. . . .

In the absence of a bankruptcy statute, § 1501 provides essential relief for debtors and their families, and the trial court should use the full reach of its equitable powers as necessary and appropriate to effect the statutory protection. The action here, however, was not to execute a money judgment but to foreclose a chattel mortgage, and the statute cannot be used to defeat a creditor's security interest in identified property. If such foreclosures were barred, the statute would defeat legitimate security interests recognized by the legislature in other statutory provisions. See A.S.C.A. §§ 37.1002, 37.1103.

The mortgage here was on the chattel interest in a house and not on its land, and there is no prohibited alienation by allowing the foreclosure.

The judgment is AFFIRMED.

-----------------------------------------------

* Honorable Robert Gardner, Chief Justice Emeritus, High Court of American Samoa, serving by designation of the Secretary of the Interior.

** Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.